UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>STEPHEN SPAULDING,<br><br>Respondent. | CIVIL ACTION<br><br>NO. 18-10732-TSH |

### ORDER AND MEMORANDUM ON PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS (Docket Nos. 1 & 14)

**April 30, 2019**

**HILLMAN, D.J.**

Martin Fernandez ("Petitioner") has filed a petitioner for a write of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). Stephen Spaulding ("Respondent") has moved to dismiss on several grounds. (Docket No. 14). No opposition has been filed. Nonetheless, I will examine the merits. For the reasons stated below, the petition for habeas corpus (Docket No. 1) is ***denied*** and Respondent's motion to dismiss (Docket No. 14) is ***granted***.[1]

**Background**

---

[1] This Court has jurisdiction under 28 U.S.C. § 2241 for constitutional challenges to a federal prison disciplinary hearing that resulted in loss of good conduct time. *See e.g.*, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008) ("A challenge . . . to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the prisoner's sentence."); *Carter v. Grondolsky*, 2014 WL 7404560, at *3 (D. Mass. Dec. 30, 2004 (same); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("A writ of habeas corpus under § 2241is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." (citations omitted)).

Petitioner is incarcerated at the Federal Medical Center in Devens, MA ("FMC"). The events relevant to his petition, however, occurred while Petitioner was incarcerated at the Federal Correctional Institution at Fort Dix. NJ ("FCI").

On August 28, 2017, a Correctional Officer searched Petitioner and asked to see his MP3 player for inspection. This examination revealed that the MP3 player had a memory card, a feature not permitted on BOP-authorized MP3 players. In addition, the player did not display Petitioner's name and register number when turned on, another feature required on authorized devices. Based on this inspection, staff concluded that Petitioner possessed an unauthorized MP3 player. Consequently, Petitioner was charged with a Code 108 prohibited act, "Possession of a Hazardous Tool." A Disciplinary Hearing Officer ("DHO") at FCI heard Petitioner's charges and found that he had committed the offense. Consequently, Petitioner was given 15 days of disciplinary segregation (suspended pending 90 days clear conduct); 40 days loss of good conduct time pursuant to 18 U.S.C. § 3624(b); and 60 days loss of email privileges.

It is somewhat difficult to understand Petitioner's challenges, but it seems that he contests the evidence DHO staff relied upon to conclude he possessed an MP3 player, disputes its characterization as a "Hazardous Tool," and argues that the sanctions violated the Equal Protection Clause.

## Standard of Review

Respondent has moved to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a petitioner must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the

2

elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the petition as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

## Discussion

Since the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974), it has been assumed in this Circuit that prison inmates have a liberty interest in good conduct time credits. *See Lother v. Vose*, 89 F.3d 823, 1996 WL 345958, at *1 (1st Cir. June 25, 1996)

(unpublished table opinion); *see also Pryor v. Grondolsky*, 15 WL 1268164, at *2 (D. Mass. Mar. 19, 2015) ("[F]ederal prison inmates have a protected liberty interest in good time credits.").

### 1. *Sufficiency of Evidence*

The extent to which a Court may review prison disciplinary hearings on habeas review is fairly clear and quite limited. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Superintendent v. Hill*, 472 U.S. 445, 456, 105 S.Ct. 2768 (1985); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) ("If there is some evidence to support the disciplinary committee's decision . . . then the requirements of procedural due process have been met.").

Petitioner was pat searched which revealed the MP3 player. An examination of the player showed that it contained a memory card and that Petitioner's name and register number did not appear when turned on. This evidence was memorialized in memoranda of the incident prepared by two BOP Correctional Officers. In addition, an incident report prepared by the Correctional Officer who performed the search and delivered to Petitioner that day. The DHO relied on the report and supporting memoranda to find Petitioner committed the offense. I find that the evidence here satisfies the "some evidence" standard. *See Lally v. Fultz*, 2013 WL 1412193, at *5 (D. Mass. Apr. 5, 2013) ("A 'report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence, upon which to base a prison disciplinary violation, fi the violation is found by an impartial decisionmaker.'" (quoting *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008)).

### 2. *Characterization of MP3 Player as a Hazardous Tool*

Petitioner next argues that it was inappropriate for the BOP to characterize his MP3 player as a hazardous tool. Code 108 defines hazardous tools as "those hazardous to intuitional security

or personal safety; e.g., . . . portable telephone, pager, or other electronic device[ ]." 28 C.F.R. § 541.3, Code 108.

Contrary to what Petitioner seems to argue, the absence of the term "MP3 player" from the text of Code 108 does not preclude the BOP from interpreting that provision to include it. *See Hicks v. Yost*, 377 Fed.Appx. 223, 224-25 (3d Cir. 2010). In addition, Petitioner has not demonstrated that the BOP's interpretation of Code 108 to include an MP3 player is plainly erroneous or inconsistent with that provision. *Chong v. District Director, INS*, 264 F.3d 378, 385-86 (3d Cir. 2001) ("An agency's interpretation of its own regulation is 'controlling . . . unless it is plainly erroneous or inconsistent with the regulation.'" (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414, 65 S.Ct. 1215 (1945))). Accordingly, I do not find that the BOP's characterization of the MP3 player as a hazardous tool was inappropriate.[2]

### 3. Equal Protection Claim

Petitioner alleges that he was treated differently than similarly situated white inmates who received lesser sanctions for possession of an unauthorized MP3 player. Respondent argues that Petitioner has not stated a cognizable claim because he has note adequately pled a claim and because prison officials have broad discretion to issue disciplinary sanctions.

---

[2] To the extent that Petitioner alleges that Code 108, as applied to him, is unconstitutionally vague, this argument also fails. "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differed as to its application, violates the first essential of due process of law." *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126 (1926). However, I do not find that men of common intelligence would understand that an unauthorized MP3 player would constitute an "other electronic device" and one that could reasonably threaten intuitional security. *See Angel v. DOJ*, 2016 WL 3545097, at *4 (D.N.J. June 28, 2016) ("Men of common intelligence and understanding would understand that possession of an MP3 player, not of the type authorized by the BOP and sold in the Commissary, may be sanctioned under Code 108 as a threat to institutional security.").

Equal protection ensures that "similarly situated persons are to receive substantially similar treatment from their government." *Tapalian v. Tusino*, 377 F.3d 1, 5 (1st Cir. 2004) (citing *Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1, 7 (1st Cir. 2001)).

> To establish an equal protection violation, a plaintiff must introduce sufficient evidence from which a jury reasonable could conclude that, compared with others similarly situated, the plaintiff was treated differently because of an improper consideration, such as his [race]. Equal protection does not, however, require prison staff to treat all inmate groups the same when differentiation is necessary to avoid a threat to prison security.

*Kuperman v. Wrenn*, 645 F.3d 69, 77-78 (1st Cir. 2011) (citations omitted).

Petitioner notes that two white inmates were given a lesser offense for similar misconduct. Petitioner does not allege, however, that his sanctions were based on improper considerations. Indeed, there are several reasons why Petitioner could have received a harsher sanction than the other inmates that are unrelated to race. Petitioner neither makes a showing that he was similarly situated to these other inmates nor alleges any facts supporting the conclusion that the disparate treatment was the result of his race. In addition, the First Circuit has recognized that there is a "broad exercise of discretion by prison authorities to take reasonable and necessary action, including punishment, to enforce the prison disciplinary regime." *Collazo-Leon v. United States Bureau of Prisons*, 51 F.3d 315, 318 (1st Cir. 1995). "Under such circumstances, disciplinary matters are private and addressed on a case-by-case basis, as a result of which circumstances surrounding one inmate's discipline cannot be compared to the discipline imposed on another inmate since each case stands on its own merits, 2013 WL 3491077, at *9 (D. Mass. July 9, 2013) (quotation marks and citation omitted). Accordingly, because Petitioner's claims of disparate treatment are vague and conclusory, coupled with the broad discretion afforded to prison authorities, Petitioner's equal protection claim must also fail.

## Conclusion

For the reasons stated above, the petition for habeas corpus is ***denied*** and Respondent's motion to dismiss is ***granted***. Further, because a Certificate of Appealability is not required for relief sought pursuant to Section 2241, the Court will not determine whether one is merited. *See Gonzalez v. Justices of Mun. Ct. of Boston*, 383 F.3d 1, 11 (1st Cir. 2004), *vacated on other grounds by* 544 U.S. 918 (2005), *United States v. Barrett*, 178 F.3d 34, 42 (1st Cir. 1999).

**SO ORDERED**

                                                ***/s/ Timothy S. Hillman***
                                                **TIMOTHY S. HILLMAN**
                                                **DISTRICT JUDGE**